Tilghman C. J.
John W. Swift and others, the plaintiffs below, claimed under an application in the name of Samuel Cadwallader Morris, dated 1st August, 1766, for 200 acres of land, on which a survey of 213 acres and 8-10ths of an acre, was made on the 27th June, 1767, and returned March 10, 1768. The land lies in Kiskacoquillas settlement, west of the river Susquehanna, and has not been patented. The defendant claims under an application in the name of Thomas Evans, dated 17th August, 1767, “for 300 acres, including a “ small improvement adjoining John Cox and John M'Gee, “ on Ferguson’s run, in Fermanagh township, Cumberland “county.” About the year 1762, Thomas Evans purchased an improvement right of John Ferguson. Pie was compelled to leave it in 1763, by the Indian war, which broke up the settlement in that quarter, and did not return to it until the month of June, 1771. The inhabitants who had been driven *437 oft’, generally returned in the year 1765. The improvement was not made on the land surveyed on Morris's application ; but the defendant contends, that by annexing a reasonable portion of land to the improvement, (a quantity less than 300 acres,)-he should take that part of Morris's survey which is claimed by him. Evidence.was given by the plaintiffs of a survey, excluding the land in dispute, made on Evans's application : but this survey was disclaimed by the defendant, who rested his cause on the application, and the old improvement in 1762. The presiding Judge, in his charge to the jury, gave his opinion on several points both of law and fact; but the substance of the whole may be reduced to two questions. 1. Did the title of the defendant commence at the date of Evans's application, or could it be carried back to the improvement in 1762. 2. What was the operation of the act of limitations, the defendant.and those under whom he claims having been in possession of a small parcel of cultivated ground, inclosed within fences more than 21 years before, the bringing of this ejectment ?
1. On the first point the Judge charged, that the defendant’s title could not be carried back to the improvement in 1762. Of the correctness of this opinion I entertain no doubt. The proprietaries gave great encouragement to settlers, but at the same time made them subject to certain regulations necessary for conducting the business of the land office. The office was opened for the taking up lands on the east side of Sus-, quehanna, 1st August, 1765, and on the west side 1st August, 1766; and notice was given by advertisement 17th June, 1765, of the terms to be complied with by persons who claimed under improvements. At the time of entering their applications they were to bring certificates from some neighbouring magistrate, of the nature of their improvements, and the time when their settlementsfirst began; and in defaultof entering their application within six months from the time of opening the office, applications were to be received from any Other person, for the said lands. And by another regulation dated 1st August, 1765, the secretary was directed to give warrants to such persons as had built, and were residing on the lands they applied for, and had a just claim to an improvement ; bringing with them a certificate from a neighbouring magistrate or other satisfactory proof, of the nature. *438 of the improvement, and first settling thereof, when the interest and quit rents were to commence. Now Thomas Evans failed in every thing required of him, if he expected to have the benefit of his old improvement. In the first place, he did not apply within six months from the opening pi the office ; and in the next place, he brought no certificate of the nature of his improvement, or the time when it commenced. If he had done this, a warrant would have issued, and the proprietaries would have received interest and quit rents from the. year 1762. This omission has been decided by this Court to be a forfeiture of all pretension to carry the title back beyond the date of the application: because the conduct of the - applicant tended to defraud the proprietaries of their interest and quit rents. In such cases the mention of an improvement in the application, is considered as no more than a circumstance of description, serving to identify the land applied for. For the decision of the Court on this head, I refer to the cases cited by the counsel for the plaintiff. But even if the proprietaries had made no positive regulations on the subject, the reason of the thin^ would prove, that Thomas Evans had no equity in his claim under his old improvement. He was driven off in 1763, and might have returned in 1765, when his neighbours did. Was it reasonable then, that the land should remain vacant'till 1771, when he returned? He was under no obligation to pay for the land, and how could it be known, that he would return?- His improvement was of little or no value. The same right that he had must be the right of all others in a similar situation ; and thus large tracts of country might have remained unsettled, to the great injury, not only of the proprietaries, but of the public. And all this, to favour persons who had been guilty of the grossest negligence. In whatever light the matter is viewed the decisions which have fixed the date of the application, as the commencement of the title, appear to be so well founded, that it is now time to consider the law as settled.
2. With respect to the act of limitations, the only part of the charge which is objected to, is this: “ If the jury should “be of opinion, that there was no survey on the defendant’s “application, excluding the land in controversy, then the “ plaintiff would be barred of that part of the land inclosed “within the defendant’s fence, but of no other.” In the *439 Case supposed by the Judge, the matter would stand thus. A considerable part of the plaintiff’s survey is claimed by the defendant, by virtue of his application and improvement, and of a few acres of the part so claimed the,defendant has had an exclusive possession for more than 21 years. When the plaintiff’s survey was returned, the law threw upon him the possession of all the land within the bounds of his survey. When the defendant entered an application, founded on an improvement, we will suppose, that the law would have thrown upon him (in case there was no adverse possession under a title derived from the Commonwealth,) the possession of all the land which he might lawfully cause to be surveyed under his application. Here then would be two persons with interfering rights, each claiming the same land by title derived from the Commonwealth. When the defendant made an actual entry and took possession of part and inclosed it, the possession of the part so inclosed was completely adverse and exclusive, so that the plaintiff had no pretence to say, that the possession remained in him. But what was the situation of the other part ? The possession, was claimed by both parties, and neither had done any thing to oust the other. In such cases the law would adjudge the possession to be in him, who had the best right. But the plaintiff had the best right, because his survey was made before the entry of the defendant’s application; therefore the plaintiff retained the possession. The law would be the same if both parties had obtained patents from the Commonwealth. Where the surveys interfere, the act of limitations has no operation against him who has the best right, except his opponent takes an adverse and exclusive possession. Where there is no interference, possession óf part is, in law, possession of the whole. And it is this maxim, of possession of part being possession of the whole, which has led some persons into an error, by applying it to the case of interfering surveys, to which, from the nature of things, it is not applicable. In the case of Ringgold’s lessee v. Cheney, in the General Court of Maryland., the principle which I have mentioned with regard to interfering surveys was expressly decided. (Hall’s Am. Law Journal, No. I. p. 128.) I understand that Chief Justice M‘Kean and my brother Yeates have recognised the same principle in decisions at Nisi Prius, and indeed I have always considered the law as very clear.
*440 On the whole, I am of opinion, that, the plaintiff in error has, failed in supporting, his exceptions, and therefore the judgment should be affirmed.
Yeates J. expressed his concurrence.
Judgment affirmed..