The opinion of the Court, (Tilghman C. J. being sick, and absent,) was delivered by
Gibson J.
It is undoubted, that the occasion of the affidavit, which constituted .one ground of the action, so far excused the úse of the defamatory words, that malice would not be implied from the use of those words alone; and hence it was necessary, that actual malice should be proved. The question is, will any thing short of direct and positive proof . of express malice be sufficient ? As to that, I cannot doubt. In an action for a malicious prosecution, which is in many respects analogous to the present, and in which malice and the want of probable cause must both concur, the. latter may be left to the jury as evidence of the formér. Then, why not . here, where it does not of itself constitute a distinct-and substantive ground of the action, but can have weight only as evidence of actual malice ? For I take it, that though probable cause should even have existed, the plaintiff might, nevertheless, have maintained the suit, if he could have proved that the defendant was not deceived as to the true state of the case, but acted throughout against his better judgment, and from motives of wilful malice. Where the charge is proved to be false, the defendant can justify himself only by shewing, that he actéd altogether from mistake, and with the most perfect good faith. It is carrying the protection of persons in the situation of the defendant.bejlow, far enough, to say they shall not be answerable for the consequences of mistake, if they have dealt honestly; and that the use of .words of accusation, from which alone the law would otherwise infer malice, shall, on the ground of public policy, not be considered as importing it. Here, want of probable cause was not, as the counsel alleges, put to the jury as a circumstance from which the law would at all events imply malice; but as *424 one from which its existence might, or might not, be inferred by the jury. If, then, absence of probable cause be evidence of actual malice, though not a circumstance' from which the law will infer it, it is difficult to discover an error in this part of the charge, But .it is said, that although express malice. may be established by presumptive proof, yet that the defendant, raised a question, whether he was bound to shew the existence of probable cause, or whether the plaintiff was' bound in the first instance to shew its absence, as an original part of his' case. That was a question of easy solution. If, from the. plaintiff’s own shewing, it appear the words were used in a communication to the executive, (and in every case like the present, it must necessarily so appear,) he will fail, unless he superadd proof pf express malice,, whether it be want of probable cause, or any other circumstance ; for the implication of malice that would otherwise result from the use of words actionable 'in themselves, will be rebutted by the peculiar nature of the occasion. In this respect, such a case is ■ analogous to that of a master, who, having heed applied to for the character pf a servant, is not bound in an action of slander, to prove the truth of the cha-, racter given; but it lies on the -servant to prove its falsehood, and also express malice. This question, as to the onus pr.obandi, can be material,, only where the state of the fact, as to express malice, is doubtful: in which case the verdict ought perhaps to be against the party whose business it is to make it out to the satisfaction of the jury. -But here, it seems pretty clear, the Court instructed the jury, that the proof lay on the plaintiff. The direction was,.that the defendant would not be culpable^ unless the existence of malice, together wish the .falsehood of the charge, were satisfactorily established. That could be done only by proof of the fact, and therefore, every idea of its negatively arising from the absence of proof to the contrary, was necessarily excluded from the mind of the jury; for all facts necessary to render the defendant liable, were to be established by some one, •and certainly not by the defendant himself. The plaintiff relied on the absence of probable cause,' to prove malice; and the jury must therefore have understood the Courts, that the proof of the fact from which the malice wás to be derived, if at all, necessarily lay on the plaintiff. The judgment must be affirmed;
Judgment affirmed.