Tilghman C. J.
That a right to the pre-emption of land, may be acquired under such a settlement as is described in the President’s charge, is a principle not now to be disputed. It has been recognised in our acts of assembly, and repeated decisions of this Court. It is the foundation of numerous titles, and to call it in question would disturb the peace of the country. The counsel for the defendant, as I understand, do not call it in question. But they say, that in order to support an ejectment, it is necessary that a settler should obtain an official survey. Nothing but necessity should induce the Court to decide, that such a survey is necessary, because it is evident, that the introduction of that principle will be in direct opposition to the policy by which settlements have not only been permitted, but encouraged.— The object of the title by settlement, was, to increase the population of the country, as well as to promote the interest of the late proprietaries, and of the Commonwealth, who succeeded to their rights, in a financial point of view, by sales of land upon credit, to persons, who though unable to make immediate payment, could give good security, by clearing and improving the lands on which they settled, for future payment of the purchase money, with interest. Now an official survey cannot be made without a warrant, which is not to be obtained without payment of the purchase money. So that if a trespasser, without pretence of title, can get pos *191 session of land held by his neighbour by settlement, the settler is either to make immediate payment of the purchase money, or lose his land.—But what is this pretended necessity, which is to compel the Court to prostrate the main pillar of the title by settlement? The settler is permitted by law, to enter upon unappropriated land, to reside upon it, and to improve it. Nay, he is enjoined to reside upon it, or he forfeits his right. He therefore has, not only the possession, but the right of possession ; and where there is the right of possession, there must be the right of action to recover the possession. All this appears so plain, that it cannot be contradicted. The only difficulty suggested, is, that without a survey, the claim of the settler is so indefinite, that an action cannot be supported, by reason of the uncertainty of the land to be recovered. But in the first place, it cannot be denied, that the land on which a man has built his house, and also that which has been cultivated and inclosed by him, may be ascertained with absolute certainty. Neither do I think it can be denied, that in the case stated in the opinion of the President, and now under consideration, the claim of the settler may be reduced to certainty, because it is bounded by the lines of adjoining surveys. So likewise may a claim by settlement be precisely ascertained, where the settler has defined his limits by an unofficial survey, marked on the ground, and made knownto the neighbourhood. It is unnecessary to go.further at present. When a case shall arise of a settlement right, not ascertained by marks on the ground, it will be time enough to decide, whether the Court and jury may not determine the limits. In the case before us, it is assumed that the limits are defined. On principle therefore, the plaintiff ought to be entitled to a recovery. But have there been any decisions to the contrary ? None. have been cited, applicable to the present question. It has indeed been decided, and I take the law to be settled, that for lands west of the river Allegheny, an ejectment cannot be maintained without a survey. These lands were offered for sale to settlers, by the act of 3d April, 1792, which provides that the settler may demand from the deputy surveyor of the district, a survey, without payment of any part of the purchase money. Inasmuch then, as that act permitted a survey, without impairing the prominent feature of settlement right, *192 a sale upon credit, and as an official survey is certainly the most solemn, and convenient mode of ascertaining the limits of a man’s claim, this Court decided, that according to the true intent, it was the duty of the settler to procure a survey, and he could not support an ejectment without it. The difference between settlement rights on the east and west sides of the Allegheny is evident; and, therefore, the decisions of this Court, with respect to the necessity of a survey, have been different. The first case in which it was determined by our predecessors, that an ejectment might be supported on an improvement right, without warrant or location, was that of Campbell's Lessee v. Kidd, tried at Carlisle, in June, 1774. A report of it will be found, in Smith's Laws, vol. ii. p. 172. And it appears, that the plaintiff had no survey.—In Howard’s Lessee v. Pollock and Burk, tried at Nisi Prius, at Washington, May, 1795, before M‘Kean, C. J., and Yeates J., (2 Sm. L. 174,) the plaintiff recovered on his bare improvement right. There was a recovery on an improvement right, without survey, in Elliott's Lessee v. Bonnet, (3 Yeates, 287.) And I think myself safe in asserting, that many other recoveries have been had under the same circumstances, and that the law has been so generally held.— It is therefore the opinion of the Court, without doubt, that the charge delivered to the jury in this case, was right, and the judgment should be affirmed.
Judgment affirmed.
See Lessee of Bonnet v. Devebaugh. 3 Binn. 175, Jackson v. Hazen, 2 Johns. 22. 2 Sm. L. 172, 3, 4. 2 Bac. Ab. 471.