ALBANY, Oct., 1834.

Vanderzee v. M'Gregor.

---

## VANDERZEE vs. M'GREGOR.

A memorial presented to a *board of excise*, remonstrating against the granting of a licence to a particular individual to keep a tavern, charging him with stirring up justice's suits, with a view of having the causes tried at his tavern is a *privileged communication ;* and no action lies as for the publication of a *libel* unless *express malice* be proved.

The circulation of the memorial for the purpose of obtaining signatures thereto is within the privilege.

THIS was an action for a *libel,* tried at the Saratoga circuit in November, 1831, before the Hon. ESEK COWEN, one of the circuit judges.

The writing charged to be a *libel* was a memorial signed by the defendant and 23 other persons, inhabitants of the town of *Wilton,* presented to the *board of excise* of that town, remonstrating against the granting of a licence to the plaintiff to keep a *tavern* in that town, for the year then ensuing, he having been licenced for a number of years previously to keep a tavern. It was stated in a memorial that the plaintiff was a professional pettifogger ; that he stirred up suits: that he endeavored to have justice's courts appointed at his house ; that he demanded juries when wholly unnecessary, for the purpose of bringing large numbers of people together at his tavern. The memorial was presented to the board of excise, who showed it to the plaintiff when he applied for a licence. The board ad-

journed for a week, to consider of the memorial, and then granted a licence to the plaintiff. It was proved by several persons that the defendant read the memorial to them previous to its presentation to the board, and requested them to sign it, but that they refused to do so. On this evidence the judge *nonsuited* the plaintiff, and a motion was now made to set it aside.

*W. L. F. Warren*, for the plaintiff.

*J. Ellsworth*, for the defendant.

*By the Court*, SUTHERLAND, J. The memorial in this case was clearly a *privileged communication*, within the authority of *Thorne* v. *Blanchard*, 5 Johns. R. 508, where the doctrine is discussed at length by the counsel, and all the authorities are collected. The libel in that case was a petition to the *council of appointment*, praying the removal of the plaintiff from the office of *district attorney*, and assigning as the ground of such request, that the plaintiff grossly abused and perverted the powers of his office. It was signed by the defendant and many other citizens, and the plaintiff was in fact removed from office. It was held that the nature of the communication and the occasion on which it was made prevented the *legal inference of malice*, and that the plaintiff could not recover without proving *express malice*. The leading cases on the point are, 1 Wm. Black, 386 ; Bull. N. P. 8 to 10 ; Cro. Jac., 91 ; *Jarvis* v. *Hathaway*, 3 Johns. R. 380, and 4 Serg. & Rawle 424. The question of malice is generally submitted to the jury, accompanied with proper instructions from the court ; but where there is no evidence of malice, except the mere publication, and that is of a privileged character, if the jury should find a verdict for the plaintiff, it would be the duty of the court to grant a new trial. When the judge, therefore, upon the mere evidence of publication, nonsuits the plaintiff, the nonsuit ought not to be set aside ; there is no legal evidence of malice whatever, and without that the action is not sustained ; the jury have nothing to pass upon. Perhaps the presenting the petition to different individuals for their signa-

ture might be considered a publication of the libel, and not covered by the privilege ; but I am inclined to think that if the nature of the communication is such as to be privileged, when presented to the tribunal for which it was originally designed, that it cannot be a libellous publication of it to present it to others for their signature. The nature of the transaction requires that the memorial should be circulated to obtain signatures ; and unless express malice be shown, the conclusion of law, within the principle above adverted to is, that it was circulated with a *bona fide* intent of obtaining signatures, and not to propagate slanderous charges against the party.

New trial denied.