### S. SMITH v. JOHN KERR.

Words charging a party with theft, spoken in good faith, under a belief of their truth and with probable cause, to a police officer employed to detect the robber are privileged and not actionable.

To sustain an action under such circumstances, actual malice and want of probable cause must be shown.

A verdict will not be set aside on account of admission of improper evidence, where the verdict must have been the same without the evidence improperly admitted.

THIS was an action of slander tried at the New York Circuit, before Kent, circuit judge.

The defendant kept a store in New York, and plaintiff was his clerk. In the absence of defendant, and while plaintiff was in charge of the store, it was robbed of fifty dollars. The robbery was effected in the day-time by forcing open an iron chest in the office.

Plaintiff being suspected, defendant sent for a police officer and employed him to discover the robber, and charged plaintiff with the theft and demanded he should be taken into custody. The officer refused to arrest him, and afterward found the actual offenders, thus establishing plaintiff's innocence. Defendant immediately expressed his regrets for having cast suspicion upon plaintiff, and offered any reparation in his power. Defendant admitted the grounds of suspicion were very strong against him, and said he would be satisfied if defendant would write to his brother, declaring his innocence, which defendant did.

Plaintiff afterward brought this suit, and defendant pleaded *non cul* and *accord and satisfaction*.

On the trial, in support of the second plea, the defendant's brother proved the contents of the letter, its loss having been sufficiently established.

Smith v. Kerr.

The plaintiff called as a witness the defendant's attorney, who proved some attempts to submit the controversy to arbitration, and who, on cross-examination, testified that the defendant in his conversations relating to the agreement to arbitrate, always said he had satisfied the plaintiff. The latter evidence was objected to, but admitted.

*The Circuit Judge* charged the jury that if the words spoken were addressed to the police officer in his official capacity, they were privileged, and defendant was not liable therefor; that to entitle the plaintiff to recover, he must prove want of probable cause, and actual malice.

The jury found a verdict for the defendant.

*E. C. Gray* now moved, before EDMONDS, circuit judge, for a new trial on the ground that the verdict was against evidence, and the judge had erred, in admitting the testimony objected to, and in his charge to the jury.

*H. W. Robinson and J. M. Smith, Jr., contra,* cited *Finlay v. Bear,* 8 Serg. & R. 571; *Van Rensselaer v. Dole,* 1 John. Ca. 279; 1 Camp. 48; *Johnson v. Evans,* 3 Esp. 32; *Fowler v. Homer,* 3 Camp. 294; *Toogood v. Spying,* 1 Crom. M. & Ros. 181; *Padmore v. Lawrence,* 11 A. & E. 380; *Bromage v. Prosser,* 4 B. & C. 247; *Wright v. Woodgate,* 2 Crom. M. & Ros. 573; *Vanderzee v. McGregor,* 12 Wend. 246; *Howard v. Thompson,* 21 id. 325; *Lathrop v. Hyde,* 25 id. 448.

*The Circuit Judge:* I think the loss of the letter from the defendant to his brother sufficiently proved, but I do not see how the contents of that letter, or the declarations of the defendant to his counsel could be competent evidence for the defendant in this suit. They were not called out by any inquiry which the plaintiff had first entered upon, but appear

in the case as the bald, naked declarations of the defendant, given in evidence by himself in his own favor.

Even if any of them were admissible for the purpose of showing the absence of actual malice (and it is only in that view that I can imagine their admissibility), that would not justify the evidence of the defendant's declarations to his counsel, as they went only to prove an accord and satisfaction which it was not competent for the defendant to establish by evidence of his own declarations.

The more material question in the case is as to the charge of the court. The defendant having been robbed while plaintiff was in his service, and under circumstances which directed suspicion to the plaintiff as the offender, distinctly charged him with the offense during the progress of proceedings for the detection and punishment of the criminal, and the defendant insists he was privileged in speaking the words proved to have been used by him.

There is no evidence of actual malice, but, on the other hand, the parties were in friendly relations with each other, and the charge was made only to the officer called in to detect the offender, and under circumstances which the plaintiff himself acknowledged gave rise to strong suspicions against him. On the discovery of the actual robbers, all the means which the plaintiff could point out, were promptly taken by the defendant to correct the mistake he had made, and to repair the injury he had done to the plaintiff.

In the absence of actual malice, and with probable cause, so strong as very much to alarm and agitate the plaintiff at the time, it presents the simple question whether the communication made to the officer was privileged.

So far as it was essential or even material, to the purposes for which it was made, viz., the detection of the robber, it was privileged, for full scope should be extended to all concerned in the *bona fide* administration of criminal law. (*Lathrop* v. *Hyde*, 25 Wend. 448; *Howard* v. *Thompson*, 21 id. 319.)

The words spoken were uttered by the defendant in the

prosecution of his inquiries for the robber to an officer authorized to search into and make arrests for the offense.

The purpose was an honest one, and the words were necessary to that purpose. They were uttered in good faith, under a belief of their truth, and with probable cause. They were therefore privileged. (*Thorne* v. *Blanchard*, 5 Johns. R. 508; *Vanderzee* v. *McGregor*, 12 Wend. 545.) I think the motion for a nonsuit should have been granted, for the plaintiff, when he closed his case, had failed to show actual malice and want of probable cause, both of which were necessary, but as the judge, in submitting the case to the jury, ruled in conformity with the principles which are well settled, and the jury found for the defendant, no injury has in fact been done, for the verdict was not only right on the facts but in law.

If this view of the case is correct, the admission of improper evidence as to the accord and satisfaction becomes of no moment, for equally with as without that evidence the defendant was entitled to judgment.

The motion for a new trial must be denied with costs.

[This case was then taken to the Supreme Court, by appeal from the decision of the circuit judge, and that decision affirmed. § 1 Barb. R. 155.]