By the Court.
Campbell, J.
The defendants, as a committee of the Trustees of the College of Pharmacy, in the city of New York, made a report which was adopted by the Board, and ordered to be transmitted to the Secretary of the Treasury-of the United States. The plaintiff had been appointed Inspector of Drugs for the port of New York, and the report contained charges tending to show his incompetency for the office which he held, and indeed the report was made and ordered to be sent to the Secretary of the Treasury with the view of effecting the removal of the plaintiff from his office.
In the complaint certain portions of this report are set forth in *274 tbe words of tbe report itself, and tbe plaintiff charges that they are libellous.
Tbe defendants answer and set up tbe facts stated, that tbe report was made by them on behalf of tbe College of Pharmacy, and that it was transmitted to the Secretary believing it to be true, and after careful inquiry, and that it was a privileged communication, and they aver in conclusion that tbe statements contained in tbe report are true.
To these answers the plaintiff has demurred.
The facts pleaded show a privileged communication, that is, a communication privileged, if it was made in good faith, without malice, and with probable cause as to the truth of the statements. That the report of the defendants was made to the Board of Trustees, and by them ordered to be sent to the Secretary, does not constitute an unauthorized, nor gratuitous, nor unnecessary publication, which would take away the privilege. The defendants were a Committee of Trustees, and they make the report to their own body, by whom it was contemplated to make the transmission to the Secretary of the Treasury. It is within the principle established in this state, in Branderzee v. McGregor, 12 Wendell, 545, where it was held that the privilege was not lost by the publication of a¡ petition which others read who did not sign it. I cannot doubt but this is a privileged communication, and that the plaintiff can recover only by showing malice and want of probable cause.
But there is another serious objection to the demurrer. The answers allege that the statements in the report are true. If true, the defence is of course perfect. But the plaintiff supposes that a general, averment of their truth is not sufficient. I think he has mistaken the rule in Fry v. Bennett. It is simply this, that where the defamatory charge is made in general terms, it is not sufficient to set up in the answer that such charge is true.
The justification must be made in such cases by a specification of the facts which are relied on to establish its truth. But even in such a case, where the charge is general, and the answer alleged that the charge is true, I am inclined to the opinion the defect should be cured, not by demurrer, but by an application to compel the defendant to make his answer more definite and certain.
*275 In tbe present case, tbe report complained of, and wbicb is set forth in tbe complaint is, in the main, made up of specific charges tending to show tbe plaintiff’s incompetency for tbe position be occupied, and a general averment that tbe statements in tbe report were true would perhaps be all that was necessary. There may be an exception of one or two items in tbe charge, wbicb are uncertain, and should be made more definite.
We are of opinion, upon tbe whole case, that there is no ground upon wbicb tbe demurrers can be sustained. Tbe orders appealed from are therefore affirmed, with costs.