## Marine Court.

*Trial Term—February*, 1883.

## FREDERICK OSTHEIMER *against* PETER BLUMERT.

**Slander Uttered in Lodge Room.**—Slanderous words spoken in a lodge room are privileged, if made for the benefit of the lodge and under the belief that they are true. But if the defendant utters the words maliciously and without belief in the truth thereof, he is liable. Where the words are privileged the *onus* of proving actual malice, is on the plaintiff.

The plaintiff sued to recover $2,000 damages for slander, uttered by the defendant in the room of a lodge, of which the plaintiff and defendant were members.

The defendant charged the plaintiff with dishonesty. The words used were: " You (pointing to the plaintiff) stole $40." The answer was a general denial.

Upon the conclusion of the plaintiff's case the defendant moved to dismiss the complaint on the ground that the words used were, under the circumstances, privileged. The motion was denied, and the case submitted to the jury.

*Charles Steckler*, for defendant.

*Leo C. Dessar*, for plaintiff.

### CHARGE.

McADAM, J., charged the the jury that the words were privileged, if uttered in good faith for the welfare of the lodge, and under the honest belief that the charge was true ; but if the jury found that the charge was in fact untrue ; that the defendant uttered the words without reasonable or probable cause, actuated by malice and a design to injure and defame the plaintiff, the latter was entitled to recover. That the *onus* of proving malice was on the plaintiff, but if they found that the defendant knew the charge to be false, and selected the lodge room to circulate a false charge, malice would be implied. The jury awarded the plaintiff $50.

No appeal was taken.

### Privileged communications.

Charges preferred by one member of a lodge against another, which the lodge, under its rules, has a right to investigate and remedy, are privileged. To maintain an action for making them, it must be shown affirmatively, that they were made both maliciously and without probable cause (Streety *v.* Wood, 15 *Barb.* 105). Where A. accused B. of theft before certain members of a lodge of which both were members, and in an action for slander by A., B. attempted to justify what he said by showing that it was the duty of the lodge to keep its membership pure, the justification was held to be insufficient (Holmes *v.* Johnson, 11 *Ired.* 55). A communication by a church member, complaining of the conduct or character of his clergyman, and seeking

Ostheimer *v.* Blumert.

his removal, addressed to the common superior, is privileged, and express malice must be shown to sustain an action (O'Donohue *v.* McGovern, 23 *Wend.* 26). Although the words are actionable in themselves, yet if they were spoken between members of a church, in course of their religious discipline, and without malice, no action will lie (Jarvis *v.* Hathaway, 3 *Johns.* 180). At a meeting of a board of public officers, while a resolution was pending recommending the appointment of plaintiff, one member of the board declared that he knew plaintiff to be the author of a certain obscene and libelous caricature which had been published to ridicule one of the official acts of the board. *Held* (1), that the charge, being pertinent to the subject under discussion, was conditionally privileged. (2) That to entitle plaintiff to maintain an action for it, he must establish that the charge was made without reasonable or probable cause (Viele *v.* Gray, 10 *Abb. Pr.* 1; S. C., 18 *How. Pr.* 550). A communication by an agent to his principal, relating to his employment and within the scope of it is privileged. An action will not lie without proof of actual malice (Van Wyck *v.* Aspinwall, 17 *N. Y.* 190). See also cases collated in *Cooley on Torts*, 201–216. See statement to school trustees as to teacher (Harwood *v.* Keech, 4 *Hun*, 389. See also Halsted *v.* Nelson, 24 *Hun*, 395). When the law has once defined the right to character and reputation, it follows as a legal consequence that any one who willfully deprives another of the enjoyment of that right, offends against the law, and is bound to make reparation in damages co-extensive with the injury. It is therefore clear that, if malice be used as descriptive of this species of injury, it must be understood not generally of actual malice, in the ordinary and popular sense of the term, or, as it has sometimes been called, *malice in fact*, but of malice in its legal and technical sense, as merely denoting that which is to be inferred from the doing of a wrongful act, without lawful justification or excuse (*Folkard's Starkie on Libel and Slander*, *Wood's notes*, 396, 397).

### Malice in fact.

In the common acceptation of the term, malice in fact signifies not only spite or ill-will, but any wicked or mischievous intention of the mind; or the doing or conceiving of any revengeful or mischievous act, with the intention of injuring another, or from motives of ill-feeling towards another (*lb.*).

### Malice in law.

Malice in law, or more properly, malice by inference of law, signifies the doing of a hurtful or wrongful act without just cause or

lawful excuse.  And accordingly, the publication of defamatory matter is presumed to be malicious, whatever the intention, unless published in the performance of some duty, legal or moral, or in the exercise of some right or privilege.

### Burden of proving malice on plaintiff.

Where the communication is privileged, the legal inference of malice is repelled, and the onus of proving its existence beyond the mere falsity of the charge is in consequence thrown upon the plaintiff (Lewis v. Chapman, 16 N. Y. 373).