HENRIETTA WOODS, Respondent, v. ERASTUS WIMAN, Appellant.

*Libel — when the presentation of a pamphlet to the governor, by a person appearing before him to urge him to approve an act awaiting his signature, is not a publication of the matter contained therein — an action for a libel cannot be maintained for his act, which constitutes a privileged communication, without express proof of malice.*

A pamphlet having been issued opposing an act abolishing imprisonment for debt, which had passed both houses of the legislature, and was in the hands of the governor awaiting his approval or condemnation, Mr. Hawes, the counsel for a number of persons confined in Ludlow street jail upon civil process, requested them to prepare statements of the grounds upon which they were severally imprisoned. The statements having been prepared and sent to Mr. Hawes, the defendant Wiman, who was interested in the success of the bill, as the chairman of a committee of citizens of New York, selected to attend before the governor and urge the passage of the act, at the request of Mr. Hawes, caused six copies of the statements to be printed, and returned them all to Mr. Hawes, in the executive chamber at Albany, when the bill was under discussion before the governor. He then addressed a few remarks to the governor in favor of the bill, and took a copy of the statement from Mr. Hawes and handed the same to the governor. The defendant made no distribution of the pamphlet, except to hand one copy to the governor, three of the other copies being taken by friends and two having been produced in court upon the trial.

One of the statements, which was made by one Marrett, who was imprisoned under an execution issued upon a judgment recovered against him by the plaintiff, contained a reflection upon the character of the plaintiff, but did not disclose her name. Upon the trial of this action, brought by the plaintiff to recover damages for libel, it was proved that the defendant did not read either the manuscript or printed copy of the statement, and was ignorant of its contents, nor did he know Marrett or the plaintiff, or that the action had been brought by her against him.

*Held,* that the action could not be maintained.

That the delivery of the pamphlet to the governor did not constitute a publication, and that no other publication was shown.

That the defendant was justified in handing the pamphlet to the governor, and that the same was a privileged communication, for the delivery of which no action could be maintained without proof of express malice.

Appeal from a judgment in favor of the plaintiff, entered upon the finding of a jury, at the Kings county circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*W. W. McFarland* for the appellant.

*J. Stewart Ross* for the respondent.

DYKMAN, J.:

The plaintiff in this action obtained a judgment against Terrice Marrett in a civil action, and he was imprisoned under the execution issued thereon. In the year 1886 an act for the abolition of imprisonment for debt was passed through both houses of the legislature of the State, and was in the hands of the governor awaiting his approval or condemnation.

In consequence of the issuance of a pamphlet in opposition to the bill, Mr. Gilbert R. Hawes, who was the counsel for a number of prisoners confined in Ludlow street jail upon civil process, requested them to prepare a statement of the grounds upon which they were severally imprisoned, and it was prepared accordingly and sent to Mr. Hawes in manuscript. Mr. Wiman, the defendant in this action, became interested in the success of the bill, and at the request of Mr. Hawes he caused six copies of the statement to be printed upon a press employed in the business of his firm, and returned them all to Mr. Hawes in the executive chamber at Albany, when the bill was under discussion before the governor. He then addressed a few remarks to the governor in favor of the bill, and took a copy of the statement from Mr. Hawes, who then had them all in his possession and handed the same to the governor in the course of his argument.

The statement of the prisoners included among others the story of Marrett, which contained reflections upon the character of the plaintiff in the action, but failed to disclose her name. The defendant did not read either the manuscript or the printed copy, and was ignorant of its contents, and he knew nothing of Marrett or the action of the plaintiff against him or of her, and did not know her name or who she was. The proof of these facts stands uncontradicted, and entirely overcomes any statements of witnesses respecting the mention of the plaintiff's name by the defendant in the course of his address to the governor.

Previous to the meeting in the executive chamber at Albany, the defendant had been appointed the chairman of a committee selected

at a meeting of citizens in New York city, in favor of the bill, to attend before the governor and urge his approval of the bill, and he was therefore engaged in the lawful discharge of a duty when he made his address and delivered to the executive the statement of the prisoners, the resolutions of the Chamber of Commerce and a memorial of several hundred citizens.

Plainly, therefore, the only responsibility of the defendant for the pamphlet resulted from its delivery to the governor. He did not prepare it, and he had no knowledge of its contents, and he did not know the plaintiff. (*Cook* v. *Hill*, 3 Sandf., 349.) We think the mere delivery of the pamphlet to the governor did not constitute a publication. It was much like the case of *Rex* v. *Baille* (2 Esp. N. P., 91, Gould's ed. of 1811), cited with approbation in *Howard* v. *Thompson* (21 Wend., 327). That was the case of a printed book containing an account of the abuses of Greenwich hospital and treating the officers of that institution with much asperity, but copies were distributed among the governors of the hospital only, and Lord MANSFIELD arrested the prosecution on the point that such a proceeding did not amount to a publication. His reasons were that the distribution had been confined to persons who were called upon and had power to redress the grievances, and Judge COWEN said if that was not a publication, no civil action could have been maintained for a libel. The same rule must be applied here. The defendant made no distribution of the pamphlet except to hand one copy to the governor. He is guiltless of everything except laying down the paper in the hands of the executive. He did not write the paper and he did not know its contents; and he did not and could not know it had any reference to the plaintiff in this action. In fact that knowledge could not be derived from the paper alone by any examination he could make.

We think, also, the defendant was justified in handing the pamphlet to the governor, and that the same was a privileged communication.

The doctrine of privilege extends to all matters growing out of legislative proceedings, and great immunity is attached to words spoken or written, communications made in the due course of parliamentary and judicial proceedings, and a party is protected from an action for damages on account of their defamatory character, where

he is actuated by honest motives and his acts are for the redress of a public grievance, and no action can be maintained for such communication without proof of express malice. (*Perkins* v. *Mitchell*, 31 Barb., 467; *Thorn* v. *Blanchard*, 5 Johns., 508; *Van Wyck* v. *Aspinwall*, 17 N. Y., 190; *Cook* v. *Hill*, 3 Sandf., 349.)

A careful examination of the testimony shows plainly that the defendant delivered no copies of the pamphlet in question to any person except the governor, and there was therefore no proof of any wrongful publication of the libel.

But six copies of the pamphlet were made; one copy was delivered to the governor, and one to Mr. Wilder, Mr. Bender and a friend with him each took one, and the remaining two were produced in court upon the trial. Such is the positive uncontradicted testimony of Mr. Hawes, and he says the defendant left all the other copies in his possession and some of them were taken from the table while he was addressing the governor, and he reclaimed them. His testimony on the point is precise and distinct, and entirely harmonious with all the facts and circumstances in the case, and Mr. Wilder is evidently mistaken when he says in his testimony Mr. Wiman handed other copies to other gentlemen in the room.

Our conclusion is that this action cannot be maintained without proof of express malice, and with the ignorance of the defendant of the name or existence of the plaintiff no malicious motives can be imputed to him.

All he has done has been in the discharge of a duty, and he has not abused or defrauded the rule which conferred his privilege.

The judgment and order denying the motion for a new trial should be reversed, and a new trial granted with costs to abide the event.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial reversed, new trial granted, costs to abide event.