(5 App. Div. 607.)

COLONEY v. FARROW.

(Supreme Court, Appellate Division, Third Department.   May 21, 1896.)

1. SLANDER — PRIVILEGED COMMUNICATIONS — STATEMENTS BEFORE THE BOARD OF EXCISE.

Where an application for a liquor license was about to come before the board of excise, a statement to a member of the board of excise as to the character of the applicant, by a person residing near the place for which the license was asked, is presumptively privileged.

2. SAME—PROOF OF MALICE.

In an action for slander in speaking words presumptively privileged, the burden is on plaintiff to prove that defendant spoke them maliciously.

Appeal from circuit court, Saratoga county.

Action by Jay C. Coloney against Edwin Farrow for slander. From an order, made on the minutes of the court, setting aside a verdict for $850 in favor of plaintiff, and granting a new trial, plaintiff appeals.   Affirmed.

The plaintiff, Jay C. Coloney, was the proprietor of the Hotel Idlewild, which was situated on the highway from Albany to Saratoga, in Willow Glen, about 2½ miles northwesterly from Mechanicville. The defendant, Edwin Farrow, was the owner of a knitting mill and electric light plant located not far from this hotel. The defendant met one Job Safford, one of the excise commissioners of the town of Stillwater, on Park avenue, in the village of Mechanicville, about March 10, 1894, and stopped to speak to him. Defendant told Safford that he had a petition, signed by nearly all the people in Willow Glen, to the effect that plaintiff kept an improper house, which he intended to present to the next meeting of the board of excise, with the view of requesting the board not to renew the plaintiff's license. Mr. Safford told him to bring the matter up before the board. The petition charged simply the illegal sale of liquors, but defendant said to Safford: "He [meaning plaintiff] is running a whorehouse, and I can prove it.  I know a man that has been there, and it cost him $300 to settle it." Defendant further said that he could prove this, if he wanted to bring the man into court, but he did not want to do that. The petition was presented to the board of excise, in spite of which plaintiff's license was renewed. There was no proof. The Hotel Idlewild was a small country hotel, of about 15 rooms. The plaintiff's family consisted of his wife, stepdaughter of 13, stepson of 12, and these children's grandmother, 67 years old. A servant, hostler, and bartender were employed. Chicken dinners and suppers were given, besides the ordinary trade.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

T. F. Hamilton, for appellant.
J. W. Houghton, for respondent.

LANDON, J.   The defendant said to the excise commissioner of the town in which both the plaintiff and defendant lived, in substance, that the plaintiff kept a house of ill fame, and upon that account the defendant protested against the board of excise granting to the plaintiff an hotel license to sell liquor.   The question of granting the license was before the board, or about to come before it.   The words were not spoken in the hearing of any other person. The words were actionable per se, unless privileged.   The presumption arising from the occasion, from the defendant's relation to the subject and his interest in it, from the official character of the person to whom the communication was made, is that the communica-

tion was privileged. Decker v. Gaylord, 35 Hun, 584; Van Wyck v. Aspinwall, 17 N. Y. 193; Lewis v. Chapman, 16 N. Y. 369; Fowles v. Bowen, 30 N. Y. 20; Klinck v. Colby, 46 N. Y. 427; Hamilton v. Eno, 81 N. Y. 116; Moore v. Bank, 123 N. Y. 420, 25 N. E. 1048; Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342. "Where a person is so situated that it becomes right, in the interests of society, that he should tell a third person certain facts, then if he, bona fide and without malice, does tell them, it is a privileged communication." Blackburn, J., in Davies v. Snead, L. R. 5 Q. B. 611, quoted and approved in Moore v. Bank, supra. But if, instead of speaking the words in good faith and in the public interest, the defendant spoke them maliciously, and with the intent to injure the plaintiff, then the privilege is lost, and the defendant stands before the court as a common slanderer, and, unless he can prove the truth of his words, he has not a complete defense, however much he may prove in mitigation of their severity; for he cannot be permitted to pose before the court as the champion of public virtue, when his real purpose is to injure the plaintiff. The words being, upon the evidence, presumptively privileged, the burden, then, rested upon the plaintiff to prove that the defendant did speak them maliciously. This could not be done by simply showing that the words were false, because the presumption of good faith, which privilege supplies, repels the idea of malice; the presumption being that the defendant is only honestly in error. Cases cited supra. The plaintiff attempted to prove express malice by showing such words and conduct of the defendant in respect to other matters as tended to show that his enmity to the plaintiff was settled and of long standing. If such was the case, it might be that the alleged defamatory words were a new expression of the old enmity, and hence the evidence was admissible. Decker v. Gaylord and Fowles v. Bowen, supra. Such evidence was considered in Hemmens v. Nelson, supra, no question being made as to its competency. The case does not appear to have been submitted to the jury upon the basis that the words were privileged, unless the jury should find from the evidence that the defendant was guilty of express malice in speaking them. The learned trial court did not give any reason for setting the verdict aside. Apparently, the court thought it excessive. Under the circumstances, we are inclined to think that it is better that there should be a new trial, and therefore we affirm the order. As the trial judge did not charge the defendant with costs of the trial, as a condition of granting a new trial, we do not charge the plaintiff with the costs of this appeal.

Order affirmed, without costs. All concur.