## GARCIA v. SOCIEDAD DE OBREROS.
### (No. 7183.)

(Court of Civil Appeals of Texas. San Antonio. June 11, 1924. Rehearing Denied July 2, 1924.)

**1. Appeal and error ⟨⟩907(3)—Court's conclusion of law and fact taken as true in absence of statement of facts.**

Where court files his conclusions of law and fact, such facts must be taken as true in absence of a statement of facts.

**2. Associations ⟨⟩18—Society not liable for charges sent member by officer without its approval.**

If charges against a member of a benefit society were sent out by an officer without society's approval, it was not its act, and it would not be liable.

**3. Libel and slander ⟨⟩42(3)—Charge by a society against a member held privileged.**

Charges against a member by a society sent to him in a closed envelope by an officer of the society in the line of his duty, in the way of discipline, and without malice, was a privileged communication.

**4. Libel and slander ⟨⟩45(1) — "Privileged communication."**

A communication made bona fide upon any subject-matter in which party communicating has an interest or in reference to which he has a duty is privileged, if made to a person having a corresponding interest or duty, although it contain criminatory matter which without this privilege would be slanderous and actionable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Privileged Communication.]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Pilar Garcia against the Sociedad de Obreros. From a judgment of dismissal, plaintiff appeals. Affirmed.

W. W. Winslow, of Laredo, for appellant. A. C. Hamilton and S. T. Phelps, both of Laredo, for appellee.

FLY, C. J. This is a suit for damages based on an alleged libel of appellant by appellee. The libel alleged by appellant consisted of certain charges made against appellant by one Francisco Mata, in which he alleged that appellant was guilty of certain offenses against the laws of certain "Respectable Society of Workers" not named, the libel being based on a charge that appellant "had retained documents and Book No. 1 of the treasury," which appellant says meant that appellant "appropriated to his own use and benefit the corporeal personal property mentioned in said paragraph," and also that he had been guilty of "malversation of funds of a typewriter." What this last charge meant appellant does not attempt to explain by innuendo or otherwise. Webster's New International Dictionary defines "malversation" as "evil conduct; fraudulent practices; misbehavior, corruption or extortion in office." We gather therefore that appellant was charged with some very reprehensible behavior with the "funds of a typewriter," either living or dead. In the answer of appellee it was alleged that it was an organization to assist members in distress, in sickness and when unable to work, to procure work for its members, and to assist the family of a deceased member; that it has its by-laws and regulations, and among other officers has a "prosecuting attorney." The answer also alleged that appellant was treasurer of the organization, and had failed and refused to account for certain funds donated to assist certain people injured by an earthquake at or near the City of Vera Cruz, Republic of Mexico; that another treasurer was elected and appellant retained in his possession "Book No. 1 of the treasury, as well as some documents concerning the sale or purchase of a typewriter belonging to the society." It was alleged that the prosecuting attorney was authorized to prepare the charges against appellant, and following the rules of the society they were duly sent in a closed envelope by the secretary to appellant. It was claimed that there was no publication of the charges made by appellee. The court heard the cause and rendered a judgment that appellant take nothing by his suit.

[1] The court filed his conclusions of law and fact, and the facts must be taken as true in the absence of a statement of facts. [2-4] This appeal is based alone on the complaint that the court had found in his conclusions of fact, and based his judgment on the finding, that the charges were not sent to appellant by authority of the association; this finding being made in the face of the admission in the answer that the charges had been mailed in a closed

envelope by the "prosecuting attorney" to appellant, by virtue of the authority so to do under the laws of the society. Appellee undoubtedly admitted in its answer that the act of the prosecutor was its act, under its laws, and if the charges were libelous appellee was undoubtedly liable. We are of opinion, however, that, the findings showing that appellant was a member of the association, and that the charges were formulated by its prosecuting officer, whether the association ordered that the charges be sent to appellant or not, it was not liable. If the charges were sent out by the officer without the society's approval, then it was not their act, and they would not be liable, and if it was sent to appellant with the approval of the society, as contended by appellant, and as admitted in the answer, then appellee was not guilty of libel, because it was a privileged communication sent out under its laws and regulations in the discipline of a member. Redgate v. Roush, 61 Kan. 480, 59 Pac. 1050, 48 L. R. A. 236; Van Wyck v. Aspinwall, 17 N. Y. 190; Landis v. Campbell, 79 Mo. 433, 49 Am. Rep. 239; Holt v. Parsons, 23 Tex. 9, 79 Am. Dec. 49. The charges were sent out in pursuance of a duty by the prosecuting officer, it was confined strictly to the membership, and the method used in communicating the charges failed to show any malicious intent upon the part of appellee. Appellant, and not the appellee, gave the information as to the charges outside of the society. There was no extrinsic evidence tending to show the least malicious intent.

"A communication made, bona fide, upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty, is privileged, if made to a person having a corresponding interest or duty, although it contain criminatory matter which, without this privilege, would be slanderous and actionable." Van Wyck v. Aspinwall, herein cited.

The opinion held that "duty" as used was not confined to legal duties, but would include moral and social duties. No church, fraternity, society, or other organized body, could exist without the power of disciplining its membership, without the risk of a suit for libel. There is no such rule; but, on the other hand, the Texas rule is that:

"When a communication is fairly made by one in the discharge of a public or private duty, legal, moral, or social, of perfect or imperfect obligation, or in the conduct of his own affairs, to one who has a corresponding interest or duty to receive such communication, the occasion is privileged." Railway v. Richmond, 73 Tex. 568, 11 S. W. 555, 4 L. R. A. 280, 15 Am. St. Rep. 794; Railway v. Edmundson (Tex. Com. App.) 222 S. W. 181.

The reasons given by the trial judge for his judgment may not be entirely satisfactory, but no other judgment could properly have been rendered under the pleadings and the findings of fact.

The judgment is affirmed.