(19 App. Div. 423.)

HAFT v. FIRST NAT. BANK.

(Supreme Court, Appellate Division, First Department.  July 2, 1897.)

LIBEL—ACTUAL MALICE—PRIVILEGED COMMUNICATIONS.

A bank in New York received from its correspondent in Philadelphia a draft on one H.  It sent the draft to the address given, by a messenger, who found H.'s place of business closed, and was informed by a neighbor that he had failed.  The New York bank thereupon wrote to its correspondent that its messenger reported that H. had failed.  *Held*, that these facts did not show actual malice on the part of the New York bank, or a reckless disregard of the rights of H., sufficient, in an action for libel by H., to overcome the qualified privilege of its letter to its correspondent.

Appeal from trial term.

Action by Isaac Haft against the First National Bank.  From a judgment dismissing the complaint, plaintiff appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. A. Purrington, for appellant.
F. A. Baker, for respondent.

INGRAHAM, J.  The action is brought to recover damages for a libel.  The defendant, being a correspondent of a bank in New Castle, Pa., received from such bank a draft drawn upon the plaintiff.  That draft was presented at the plaintiff's place of business.  The messenger who carried it there found the plaintiff's place of business closed, and consequently the draft was not presented to the defendant, and was not paid.  Subsequently it was returned by the defendant to the New Castle bank, with the following letter:  "We return herewith Isaac Haft; No. 419 West 42nd St.  Our messenger reports that he has failed."  There is no evidence of any publication of this letter by the defendant except that it was mailed to the correspondent, or of any act of this defendant by which malice could be inferred, except the fact that the letter was sent to its correspondent in New Castle, inclosing the draft unpaid.  It was admitted by the plaintiff that the defendant received this draft from its correspondent at New Castle, Pa., and intrusted it to one of its clerks to obtain acceptance thereof; that the said clerk took the said draft to the plaintiff's premises, and left a copy thereof in the plaintiff's letter box; and that, upon returning to the bank, said clerk stated that he had been told that the plaintiff had failed; and that the defendant, in the course of business, mailed, in a sealed envelope, to the First National Bank of New Castle, the letter before quoted.  It was further admitted by the plaintiff that the defendant wrote and sent said letter believing the contents thereof to be true, and that, owing to the relations between the two banks, the communication was one of qualified privilege, which throws the burden of proving malice upon the plaintiff; but plaintiff does not admit that such belief was founded upon adequate grounds.  It is further admitted by the plaintiff that the defendant had no previous acquaintance with or knowledge of plaintiff or his business, and that neither it nor its officers had feelings of unkindness or malice, in the sense

of spite, towards the plaintiff, or desire to injure his business; but the plaintiff does not admit that the defendant is free from that malice in law which is implied by the recklessness, carelessness, or lack of due and reasonable care in ascertaining facts before uttering defamatory matter. We have thus the admission by the plaintiff that the defendant, in sending a letter, believed it to be true, and that the communication by the defendant to this correspondent was one of qualified privilege, which throws the burden of proving malice upon the plaintiff. The court dismissed the complaint at the end of the plaintiff's case, because the plaintiff had failed to sustain that burden, and the only question here is whether or not that ruling was proper.

The communication being privileged, the malice that must be proved is what the law calls "express malice." It is thus defined:

"Malice is either express or implied. Express malice is malice to be specifically proved; that is, it is to be proved by evidence not contained in the language itself. It is shown either to aggravate damages, or to rebut the inference arising from a qualified privilege." 13 Am. & Eng. Enc. Law, p. 425.

While the question of malice is usually one for the jury, when the burden is on the plaintiff to prove the malice, if the evidence adduced is, equally consistent with either the existence or nonexistence of malice, the judge should stop the case, for there is nothing to rebut the presumption which has arisen in favor of the defendant from the privileged occasion. Id. 430, and cases cited in note 4.

And it has been expressly held that a mere mistake innocently made, through excusable inadvertence, cannot in any case be evidence of malice. In discussing this question, the court of appeals, in the case of Hemmens v. Nelson, 138 N. Y. 524, 34 N. E. 344, has laid down a rule that is to control, and which entirely justifies the action of the court in dismissing the complaint. In that case the court say:

"Unless we can find in the record in this case some proof which would warrant the jury in finding the existence of such wicked motive on the part of the defendant when he made the charge in question, then the direction of the learned trial judge was correct, and the judgment must stand. The question is not whether the charge is true or false, nor whether the defendant had sufficient cause to believe that the plaintiff sent the letter, or acted hastily, or in a mistake; but the question is, the occasion being privileged, whether there is evidence for the jury that he knew or believed it to be false. The defendant may have arrived at conclusions without sufficient evidence, but the privilege protects him from liability on that ground until the plaintiff has overcome the presumption of good faith by proof of a malicious purpose to defame her character, under cover of the privilege. The plaintiff must be able to point to some evidence in the record that would warrant the jury in imputing this guilty motive to the defendant before her appeal can be sustained. As malice was an essential element of her case, not to be implied from the charge itself, but, quite the contrary, from the occasion on which it was made, the burden of establishing that fact was upon her."

Applying this principle, it is entirely clear that there was not the slightest evidence to show the express malice necessary to overcome the protection to which the defendant is entitled, because of the privilege of the communication. The bank sent its messenger with this draft to the place of the plaintiff upon a business day, as, in duty to its correspondent, it was bound to do. The messenger re-

turned with a statement that the plaintiff's place of business was closed, which was true, and that some one upon the premises had told him that the plaintiff had failed. There is not the slightest evidence to show that the bank did not believe that this statement was true; and, believing it to be true, it was its duty to communicate to its correspondent the information that it had received. It did so in a sealed letter, returning the draft intended for its correspondent only; doing nothing more than was necessary to give its correspondent the information which it was its duty to give in consequence of the relation that existed between them. It is impossible to infer from any fact proved in this case any malicious motive, or any intent or desire to injure the plaintiff, or any reckless disregard for the rights of the plaintiff. We think, upon the whole case, that the learned court was right in the direction that it gave, and that the judgment should be affirmed, with costs.

There is also an appeal from an order granting an extra allowance. The plaintiff insists that an allowance of $350, granted to the defendant, was excessive. It is true that the action was brought to recover $10,000 general damages, and $117 special damages, caused to the plaintiff in consequence of this communication. Before the action was commenced, the bank had disclaimed any intention to injure the plaintiff, and had at once contradicted the statement upon its attention being called to the fact that a mistake had been made, and had gone so far as to offer the plaintiff $100 as compensation for injury that the letter had occasioned him. Notwithstanding all of this, the plaintiff insisted upon bringing an action, claiming $10,117 damages, putting the bank to the expense of employing counsel and trying the case. We think that, under these circumstances, an allowance was properly granted; but as it was clear that the plaintiff could not maintain the action, and before the trial he admitted most of the facts, we think the amount granted should be reduc d to $100, and the order is modified by reducing the allowance granted to $100, and affirmed, without costs. All concur.