(68 App. Div. 141.)

GINSBERG v. UNION SURETY & GUARANTY CO.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

1. LIBEL—PRIVILEGED COMMUNICATIONS.

    Where a surety company, which had bonded a collector, was informed by his employer that he had failed to turn over money, or to explain his neglect, when requested, letters written by the company to the parties who had vouched for the collector's integrity when he applied for his bond, stating that it had been informed that the collector had disappeared, and would be obliged for information which might aid in locating the "defaulter," were privileged, and, in the absence of malice, would not support an action for libel.

2. SAME—MALICE—PRESUMPTION.

    Where the communication alleged to be libelous is privileged, the court will not imply malice from the mere fact of the publication; and without proof of malice, express or implied, there can be no recovery.

3. SAME—JUSTIFICATION—TRUTH.

    In an action for libel in calling plaintiff a defaulter, proof that he had collected money belonging to his employer, which, without any proper explanation, he failed to turn over, showed the communication to be true, though plaintiff himself claimed that part of the money had been

74 N.Y.S.—36

stolen from him, where his statements as to the theft were not satisfactory, and he did not promptly notify his employer of the loss, and where afterwards he turned over all the money collected, including what he claimed was stolen.

Appeal from trial term, New York county.

Action for libel by Alfred Ginsberg against the Union Surety & Guaranty Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Eliot Norton, for appellant.

Lewis J. Somerville, for respondent.

McLAUGHLIN, J. In November, 1899, the plaintiff was employed by the F. Hollander Company as a salesman and collector, and before entering upon his employment he was required to give to that company a bond of indemnity in a specified sum, conditioned for the faithful performance of his duties, which he procured from the defendant. Before the defendant issued the bond, it requested the plaintiff to give it the names of five persons, to whom it could refer as to his integrity. The names were furnished, and, the defendant having satisfied itself, by correspondence with such persons, as to the honesty and integrity of the plaintiff, issued the bond required by the F. Hollander Company, and the plaintiff thereupon commenced to discharge the duties pertaining to his employment. He continued in such employment, however, only a few days, when his employer notified the defendant, in writing, that the plaintiff had failed to turn over certain moneys collected by him, and that he had neglected to call upon his employer, notwithstanding he had been requested to do so, and give an explanation of his failure in this request; and that the Hollander Company looked to the defendant to make the loss good, under its bond of indemnity. Upon receipt of this information the defendant, through its representative, called upon the Hollander Company, and, having ascertained from it the truth of the statements contained in the communication, and that the plaintiff had failed and neglected to turn over certain moneys collected by him, it thereupon wrote to each of the persons who had certified as to his character and integrity as follows:

"Dear Sir: On October 1st we mailed you one of our inquiry blanks, requesting you to send us such information as you had concerning Mr. Alfred Ginsberg, who applied to us for a fidelity bond as salesman and collector for the F. R. Hollander Company, of New York, and it was owing to the favorable character of your replies and your indorsement on the blank that we executed the bond as applied for. We are now informed that Ginsberg has disappeared with certain cash collections, and we are unable to locate him. In view of these conditions, we will be greatly obliged if you will give us such information as you have, or may be able to obtain, which may aid us in locating the defaulter. Awaiting the favor of your early reply, we beg to remain,

"Yours truly,                              "J. P. Steffner, Superintendent."

Some time thereafter the plaintiff was located, and after considerable effort on the part of the Hollander Company he turned over to

it all the money which he had collected, and thereafter he brought this action to recover damages for libel, based upon the statement contained in the letter just quoted, that he was a defaulter. He had a verdict for $300, upon which a judgment was entered, from which the defendant has appealed.

At the close of plaintiff's case the defendant moved to dismiss the complaint, substantially upon the ground that the letter was a privileged communication, and the plaintiff had failed to show malice on the part of the defendant, in the absence of which he could not recover. The motion was denied, and an exception taken. We are of the opinion that the motion should have been granted. The communication was a privileged one. The defendant had an interest in the subject-matter of it. It was written in good faith to the persons who had certified as to the integrity of the plaintiff. The defendant had been informed by the Hollander Company that the plaintiff had neglected to turn over, according to the terms of his employment, the money which he had collected; and it is nowhere disputed but what this information was correct. Therefore the plaintiff was not entitled to recover, unless he produced evidence from which a jury might find that the communication was not sent in good faith, but, on the contrary, was sent with the intent and for the purpose of injuring the plaintiff; in other words, that it was malicious. Van Wyck v. Aspinwall, 17 N. Y. 190; Klinck v. Colby, 46 N. Y. 427, 7 Am. Rep. 360; Sunderlin v. Bradstreet, 46 N. Y. 188, 7 Am. Rep. 322. The persons to whom the communication was sent, as already indicated, were the ones whom the plaintiff had informed the defendant would, and who had, certified as to his integrity. It was upon the strength of previous communications from these same persons that the plaintiff had obtained the bond of indemnity which enabled him to procure employment with the Hollander Company, and, such persons having been instrumental in inducing the defendant to execute the bond, were properly notified of the plaintiff's failure with its conditions. Under such circumstances, the law does not imply malice from the fact of the publication. Something further must be proved, and that is malice, either express or implied, which must be the incentive to the publication. Hamilton v. Eno, 81 N. Y. 124; Haft v. Bank, 19 App. Div. 423, 46 N. Y. Supp. 481. Here there was not only no proof of malice, but the proof was uncontradicted that the statements contained in the communication were true. He was then a defaulter, and was properly characterized as such. He had collected moneys belonging to his employer, which, without a proper explanation, he had neglected and refused to turn over according to the terms of his employment. It is true he subsequently claimed that a portion of the money which he neglected to turn over was stolen from him without fault on his part, but his statement as to the facts connected with the theft is not at all satisfactory; nor does it appear that it was satisfactory to himself, because he did not promptly notify his employer of the loss; nor did he take any steps whatever to apprehend the thief. However, he did thereafter turn over to the Hollander Company all of the money which he had collected, but this was something like a month after he claimed the

money had been stolen, and he then turned over not only what he claimed had been stolen, but other moneys which he conceded he had collected and used. He was, therefore, according to his own testimony, a defaulter, and the communication was not only privileged, but the statements contained in it were true.

Upon both grounds, therefore, it seems to us the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.