C<small>HARLES</small> P<small>ECUE</small>, Appellant, *v.* G<small>EORGE</small> H. W<small>EST</small>, Respondent.

Third Department, May 5, 1920.

**Libel — statement on which libel based assumed to be false where plaintiff nonsuited — privileged communication — letter written to district attorney charging plaintiff with crime — malice — burden of proof — evidence not establishing malice — statements in letter charging third persons with crime properly excluded.**

Where, in an action for libel based on a letter written to the district attorney charging the plaintiff with a crime, the plaintiff is nonsuited at the close of his case and the complaint dismissed, it must be assumed on the evidence that the charge against him was false.

The letter on which the action was based was a privileged communication for it was written to the district attorney of the county by the defendant, representing a corporation engaged in the collection of information concerning the commission of crimes and the conveyance of such information to the proper authorities for the purpose of investigation.

The communication being privileged, the burden of proof rested on the plaintiff to prove the existence of express malice.

The falsity of a privileged communication is no evidence of the existence of express malice.

The fact that the defendant did not investigate the information coming to him to ascertain its truth before communicating the same to the district attorney and did not state in the letter the name of his informant or the source of his information or that the letter was based on hearsay does not establish the existence of express malice.

As the communication was privileged and the case of the plaintiff was without any evidence on the question of express malice the nonsuit was proper.

The exclusion from the evidence of so much of the letters on which the defendant based his letter to the district attorney and of so much of the defendant's letter as related to charges against other persons was proper.

WOODWARD, J., dissents.

APPEAL by the plaintiff, Charles Pecue, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Washington on the 17th day of September, 1919, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Milford D. Whedon* [*Erskine C. Rogers* of counsel], for the appellant.

*Brackett, Todd, Wheat & Wait* [*Benjamin P. Wheat* and *E. Raymond Shepherd* of counsel], for the respondent.

COCHRANE, J.:

This is an action for libel. The New York Civic League is a corporation. Included in its activities, which are presumably within its corporate powers, is the collection of information concerning the commission of crimes and the conveyance of such information to the proper authorities for the purpose of investigation. The defendant is the superintendent of the law and order department of said league. Two letters were written at about the same time by the same person, one to the defendant and another to a person who has not been shown to have any relation to the league but which letter came to the possession of the defendant. The letter to the defendant contained among other matters the following reference to

the plaintiff: " Charles Pecue, Potter avenue, who kept a saloon is keeping girls for immoral purposes. One was taken to the hospital sick and another taken into the hospital off the street." The other letter contained this reference to the plaintiff: "A Mr. Pecue who kept a saloon near the railroad crossing has been and is keeping a disorderly house." The defendant wrote a letter to the district attorney of the county repeating the charge against the plaintiff substantially as contained in the letter to himself. Hence this action.

The plaintiff having been nonsuited it must be assumed on the evidence that the charge against him was false. Unless privileged it was clearly actionable. In *Matter of Quarles* (158 U. S. 532) it was said: " It is the right, as well as the duty, of every citizen * * * to communicate to the executive officers any information which he has of the commission of an offense against those laws; and such information, given by a private citizen, is a privileged and confidential communication, for which no action of libel or slander will lie, and the disclosure of which cannot be compelled without the assent of the government." In *Vogel* v. *Gruaz* (110 U. S. 311), an action for slander, it was held that a communication to a State's prosecuting attorney was absolutely privileged, the court further saying: " It was the province and the privilege of any person who knew of facts tending to show the commission of a crime, to lay those facts before the public officer whose duty it was to commence a prosecution for the crime. Public policy will protect all such communications, absolutely, and without reference to the motive or intent of the informer or the question of probable cause; the ground being, that greater mischief will probably result from requiring or permitting them to be disclosed than from wholly rejecting them." I am clearly of the opinion that the communication in question to the district attorney was privileged. The defendant was in receipt of information charging the commission of a crime. It is the duty of every citizen and it was the duty of the defendant as representing a corporation created for the purpose of discovering and suppressing crime to submit such information to the legally authorized prosecuting officer. No more suitable repository for the submission of such information can be imagined. The free and unembarrassed administration of

justice requires that such communications in good faith to the district attorney should be protected and that a person should be at liberty to freely make them without the apprehension of liability on his part.

The principal contention of the plaintiff is that although the communication was privileged there was a question of malice involved which should have been submitted to the jury. The communication being privileged the burden of proof rested on the plaintiff to prove the existence of express malice. (*Lovell Co.* v. *Houghton*, 116 N. Y. 520, 525; *Ashcroft* v. *Hammond*, 197 id. 488, 495; *Haft* v. *First National Bank*, 19 App. Div. 423, 425.) Those authorities also hold that the question of malice is not necessarily one for the jury. In the case last cited it was said: " While the question of malice is usually one for the jury, when the burden is on the plaintiff to prove the malice, if the evidence adduced is equally consistent with either the existence or non-existence of malice, the judge should stop the case, for there is nothing to rebut the presumption which has arisen in favor of the defendant from the privileged occasion." Nor the communication being privileged is the falsity of the same evidence of malice. (*Ashcroft* v. *Hammond*, 197 N. Y. 488, 496; *Lewis* v. *Chapman*, 16 id. 369.) It does not appear that the defendant knew the author of the original letters nor anything about the circumstances which prompted or justified those letters. The defendant as we have seen had the right to transmit whatever knowledge or information he possessed to the district attorney. It is particularly urged that the defendant did not investigate the information he received before communicating the same to the district attorney. This argument overlooks the fact that the communication was made for the very purpose of instituting an investigation and to an officer particularly charged with that duty. Who was more competent or better equipped for the performance of that duty than the district attorney and who would more impartially and with a greater consideration for the just rights of the plaintiff conduct such an investigation? An investigation could not be made more thoroughly or less harmfully to the plaintiff by the defendant than by a public officer specially charged with the performance of that duty. Complaint is also made that the defendant in his communi-

cation did not state the name of his informant nor the source of his information nor that he was making the accusation on hearsay statements. The nature of the accusation was such that it would not ordinarily be made by one having personal knowledge. Under some circumstances these features might be significant. Their significance disappears, however, when we remember that the alleged libelous charge was a confidential communication to a man with a trained legal mind whose duty it was to himself investigate and to make only such use of the defendant's information as after such investigation the facts would justify. The district attorney knew and the defendant might properly assume he knew that he could not make the defendant's letter the basis of action or take a single step in reference thereto except through the defendant or after such an investigation as to the district attorney seemed proper. The latter so understood it and instituted an investigation. It was a matter for his judgment to determine what method of investigation should be pursued. If the method actually pursued was indiscreet or ill advised the defendant was not responsible therefor. It was the method adopted by the duly elected representative of the people charged with the duty of investigation. In my opinion the defendant had a right to assume that his communication to the district attorney would remain confidential and would not be subject to disclosure to any person. (*Vogel* v. *Gruaz*, 110 U. S. 311; *Matter of Quarles*, 158 id. 532.) He also had a right to assume that no action would be taken except such as after investigation by that official would be justifiable. It is difficult to see how an inference of malice can be drawn from the communication of the defendant or the circumstances connected therewith. It is suggested that the defendant's compensation as a representative of the Civic League depended on his energy in instituting criminal prosecutions but we find no evidence justifying such inference. His compensation did not depend on the result of a prosecution against the plaintiff or on any other particular case. His efficiency as a representative of the league would naturally depend on the avoidance rather than on the instigation of unsuccessful prosecutions. The case is barren of evidence to submit to the jury on the question of malice and the nonsuit was proper.

The plaintiff contends that portions of the letters on which the defendant based his accusation and of his letter to the district attorney were not received in evidence. Any portions of any of those letters relating to the charge against the plaintiff were admissible but we do not understand that any such portions were excluded. The grievance of the plaintiff is that the excluded portions related to other individuals. To that extent they were properly excluded.

The judgment should be affirmed, with costs.

All concur, except WOODWARD, J., dissenting.

Judgment affirmed, with costs.