### No. 7271.

### JOSIAH FISK VS. L. SONIAT ET AL.

Charges of dishonesty against the Parish Attorney made in good faith and in the discharge of their official duties by members of the Police Jury, do not render them liable in damages for libel.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee*, J.

*Chs. Louque* for Plaintiff and Appellant:

First—A general denial does not admit that defendant was guilty of a libel.   28 An.238.
Second—On proof of the libel, damages should follow.   27 An. 219 ; 19 An. 194.

*Spencer & White* and *H. Chiapella* for Defendants and Appellees :

First—The matters charged as libellous were said, published and done by the defendants in the discharge of their official duties.   They were privileged.   Townsend on Libel and Slander, p. 414, sec. 235, p. 420 ; Harrison vs. Bush, 5 El. and Bl. 344 ; Whitely vs. Adams,

15 C. B. N. S. 292; Cook vs. Hill, 3 San. (N. Y.) 341; Van Wycke vs. Gurthrie, 4 Duer (N. Y.) 268; Hale vs. Parsons, 23 Tex., 9; Larkin vs. Noonan, 19 Wis. 82.

Second—The communication to the Governor, who was vested with the power to remove, and whose action was beyond the pale of judicial inquiry, was absolutely privileged; hence not actionable. Larkin vs. Noonan, 19 Wis. 82; State ex. rel. Martin vs. Lamantia, 33 An. 1149.

Third—If not absolutely, the communication was conditionally privileged; hence, threw on plaintiff the burden of showing express malice and want of probable cause. Townsend, p. 348, and authorities already quoted.

Fourth—There was no malice, and there was probable cause.

Fifth—The evidence of justification is in the record, and was admitted without objection; it can be considered, and is not governed by Harrison vs. Jurgielewiez, 28 An. 238.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an action for damages claimed to have been sustained by the plaintiff, in consequence of alleged tortious acts. The damages are assessed at $14,500, and the defendants are asked to be condemned to pay *in solido.*

The tortious acts charged are: That the defendants, who were members of the Police Jury of Jefferson parish, have maliciously caused to be entered on their minutes, resolutions to the effect that the plaintiff had swindled the parish out of some tax collections.

From the evidence and the statement of facts, we gather that the plaintiff was the parish attorney *pro tem.;* that, in tax cases in which twenty-five per cent. in cash had been collected, he paid ten per cent. only into the parochial treasury; that the Police Jury, at a regular meeting, appointed a committee to inquire into the facts; that the committee reported that, in a case the tax collected by the attorney was, or should have been, twenty-five per cent. in cash and the remainder in warrants; that the report of the attorney shows but ten per cent. in cash were accounted for, while the parties averred that they paid at the rate of twenty-five per cent. in cash.

On this report, a resolution was adopted raising a committee to wait on the Governor and request the revocation of the attorney. The committee presented a petition to that end, on the grounds that the attorney was ineligible under article 105 of the Constitution; that twenty-five per cent. had been collected on certain taxes and only ten per cent. had been paid in by him; that judgments for large amounts had been rendered against the parish during the incumbency of the attorney, of which he claimed to be the owner of a considerable sum, and that the Police Jury had lost confidence in his ability to faithfully represent the parish.

The Governor then empowered a practicing attorney of recognized ability and independence to investigate the charges. This gentleman, after doing so, reported that he thought the charges were substantiated and that the attorney should be removed.

Acting on the matters before him and in the exercise of a discretion vested in him, the Governor made the removal.

Charging malice, want of probable cause and the falsity of the charges, the plaintiff brought this suit.

This is clearly an action to saddle responsibility on the defendants for acts done by them in the discharge of their official duties.

Entrusted with the administration of parochial affairs, it was their duty to see that the revenues of the parish were faithfully collected and accounted for, and, to that end, to take all proper and necessary steps. Had they proved derelict in such duty they would have exposed themselves to liability.

They had a right to appoint the committee, to hear and receive their report, to act upon the same and to apply as they did to competent authority for the displacement of an officer whom they thought was delinquent and no longer trustworthy. ,

For the honest and *bona fide* discharge of such duties, they are shielded from responsibility, as they acted in an official capacity, regularly, and under what seems to be due sense of their functions.

It does not appear that the attorney received twenty-five per cent. and accounted for ten per cent. only in tax matters. The evidence rather tends to show that the justice collected the first and that he received the last percentage, and that he paid what had come to his hands. Be that as it may, he was not charged with having collected twenty-five and paid ten per cent. The alternative charge was that the tax collected by the attorney was or should have been twenty-five per cent. in cash and the remainder in warrants. If twenty-five per cent were collected, and he knew it, the attorney should have forced the justice of the peace who made the collections to account accordingly.

Even if they erred in their conclusion in withdrawing their confidence, the Police Jury did so honestly and had a legal right to act officially as they have done.

The plaintiff has alleged, but has not proved any malice, express or implied, on the part of either of the defendants. They were clothed with a quasi judicial authority. They had probable cause and acted *bona fide* in matters pertaining to their functions and which required their action. Under English and American authorities and common sense, they are privileged, and are fully protected and exonerated. Townsend on L. and S., 348, 414, 420; 19 Wis. 82; 33 An. 1149; Cooley on Torts., pp. 403 et seq.; Jacob's Dig., vol. 3, p. 402; 3 same, N. Y. 341; 4 Duer N. Y. 268; 17 N. Y. 190; 23 Tex. 9.

The District Judge properly rejected the claim.

It is, therefore, ordered that the judgment appealed from be affirmed with costs.