Mattson *v.* Albert.

MATTSON *v.* ALBERT.

(*Knoxville.* September 19, 1896.)

SLANDER AND LIBEL. *Malice and privileged communications.*

Untrue statements of facts which, on their face, are calculated to injure and defame the character and standing of an individual, are libelous, and not privileged, and malice may be presumed therefrom as a matter of law.

Cases cited and approved: Saunders *v.* Baxter, 6 Heis., 369; Bank *v.* Bowdre Bros., 92 Tenn., 736; Fry *v.* McCord Bros., 95 Tenn., 678; 2 L. R. A., 130; 3 L. R. A., 532.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County. JOHN A. MOON, J.

SHEPHERD & FRIERSON for Mattson.

DANIELS & GARVIN for Albert.

WILKES, J. This is an action for libel. There was a trial before the Court and jury, and a verdict and judgment for $300, and defendant has appealed and assigned only one error.

Plaintiff was the manager of the Chattanooga Opera House Company, and defendant was the publisher of a newspaper at Chattanooga, called the

*Chattanooga Press.* Publications were made in the newspaper in regard to certain shows advertised to appear at the opera house. The publications contained statements made by the New York *Clipper*, a publication devoted largely to theatrical matters; also certain statements, in addition, made by the Chattanooga paper, and some quite severe and caustic criticisms upon the management, calculated to injure the business.

· There was a general plea of not guilty, but no plea of justification. There was an additional plea that the publications were conditionally privileged and made in good faith, and without malice.

On the trial of the case, it appeared from the evidence that there was bad state of feelings between the publisher of the paper and the manager of the opera house, and ill-tempered criticism was indulged in by the newspaper. This was repeated with some quite caustic comments after the paper had been notified of the falsity of the statements. It clearly appeared that some statements made to the effect that the prices of admission had been raised by the opera company, were not true. Such statements were, of course, calculated to injure the patronage of the opera company and its business, and the comments were calculated to make the public believe that it was being imposed upon by the opera company, by its advertising certain companies to appear which were elsewhere with their shows.

The charge of the Court is not excepted to, save

upon a single point. Upon the question of privileged communication it was not objected to, but was conceded to be correct. In connection with its charge upon what constitutes privileged communication the Court charged: "If a statement is shown to be libelous *per se*, then the malice which is necessary to support an action is presumed as a matter of law." It is insisted that this is error, that the question of malice, express or implied, should be left to the jury, and if the statements were false and injurious, yet made in good faith, the malice necessary could not be presumed.

In *Saunders* v. *Baxter*, 6 Heis., 369–382, it was held that malice may be shown not only by extrinsic evidence, but from the evidence of it which may appear on the face of the publication, and, in this latter case, the privilege is lost. It has also been held that words which upon their face and without the aid of extrinsic proof, are injurious, are libelous *per se*. *Bank* v. *Bowdre*, 92 Tenn., 736; *Fry* v. *McCord Bros.*, 95 Tenn., 678. The law always presumes malice from the publication of an article which is libelous upon its face. See the authorities cited in 13 Am. & Eng. Enc. L., 426, note 6. It presumes a malicious motive for making a charge which is both false and hurtful when no other motive appears, and, in such case, it is not necessary for the plaintiff to introduce any evidence from which malice may be inferred other than the libelous article itself. 13 Am. & Eng. Enc.

L., 427, note 1. It is true that in privileged communications express malice must be proved, and, when once proved, the privilege, unless absolute, is lost. *Ib.;* Newell on Def., 391, 397. But untrue statements of facts, which upon their face are calculated to injure and defame the character and standing of an individual, are libelous, and cannot be considered as privileged communications. The Court below, in effect, so instructed the jury, and, in connection therewith, used the language now criticised in the assignment of errors, and we can see no error in the charge. See, also, *Byam* v. *Collins*, 2 L. R. A., 130, and note; *Allen* v. *Pioneer Press Co.*, 3 L. R. A., 532.

The judgment of the Court below is affirmed with cost.