BLACK v. NASHVILLE BANNER PUB. CO.—141 S. W. (2d) 908.

Middle Section.   December 2, 1939.

On Petition for Rehearing, March 16, 1940.

Certiorari Denied by Supreme Court, June 29, 1940.

Norman Farrell and Jack Keefe, both of Nashville, for plaintiff in error Black.

Douglas & Douglas, of Nashville, for defendant in error Nashville Banner Pub. Co.

CROWNOVER, J. This is a libel action, based upon the publication of a newspaper article in the Nashville Banner.

The headline of the article was: "Coal Dealer Fined for Giving Short Weights." The body of the article states that Black was fined for failure to deliver a ticket showing the weight of coal delivered to a customer, in accordance with a city ordinance, but was acquitted of a charge of giving short weights of coal.

The article in full is as follows:

"Coal Dealer Fined for Giving Short Weights.

"Continuing their drive against coal dealers found to be short-weighting their customers, city and county sealers of weights and measures and City Judge Guild Smith penalized A. L. Black, coal dealer of 508 Forty-second Avenue, North, in City Court this morning. Black, who was fined $25, was the fourth dealer to be fined or to forfeit his bond this week for failure to comply with weighing and measuring regulations.

"The specific charge against Black was failure to issue a ticket to a customer showing the amount of coal delivered. Tom Webb, assistant city sealer of weights and measures, said he had been

weighing Black's coal for two years and has yet to find him giving full weight.

"Judge Smith declared he would continue to punish severely dealers not complying with regulations, and ordered that the bond required for persons charged with this offense be raised to $25. The order to raise the bond was given after G. S. Fleming, M. A. Cobb, and Frank Sanders forfeited their $10 bonds, posted following their arrests on charges of violating weighing and measuring rules ealier this week.

"Participating in the prosecutions with Webb were Jack Ambrose, city sealer of weights and measures, and George Langham, county sealer."

On the publication of the article, Black called the publisher of the Banner and explained to him that he had not been fined for giving short weight of coal. Several days later the following article was published in the Banner:

"Short Weight Charge Against Black Dismissed.

"A charge of short weight against L. A. Black, coal dealer, doing business at 508 Forty-Second Avenue, North, was dismissed in City Court Saturday. He was not fined for giving short weight.

"In answer to another charge of failure to issue a ticket to a customer, Black produced a letter from a physician stating that he was at home confined to his bed at the time and that another person was attending to his coal business.

"It was Black's contention that he could not be held responsible for issuance of weight tickets under those circumstances.

"Tom Webb, assistant city sealer of weights and measures, declared today that he had never arrested Black for a violation of city weight regulations prior to the ticket case in court Saturday.

"Black lives at 308 Fifty-third Avenue, North."

Black instituted this suit to recover damages for the injury inflicted by the first publication.

It was averred in his declaration that the defendant Banner published the article hereinabove quoted, which was an untrue report of a court proceeding and not privileged, with malice, to his damage; that it was false and untrue that he had been found guilty in the City Court and fined for giving short weights in the sale of coal; that the statement that "Tom Webb, assistant city sealer of weights and measures, said he had been weighing Black's coal for two years and has yet to find him giving full weight" was not made by Webb in the course of the trial and was not privileged.

It was further averred that if he made such statement out of court it was false and untrue and the publication of it was a libel.

The defendant filed seven pleas: (1) Not guilty. (2) Failure to aver special damages. (3) and (4) Publication privileged. (5) Statement made by Webb as a witness in court, privileged. (6) Pub-

lication of statement made by Webb in his official capacity, qualified privilege. (7) In the seventh plea it was averred that it was true that Black had been fined in the City Court for failure to issue a ticket to a customer showing the amount of coal delivered, and that Tom Webb, Assistant City Sealer of Weights and Measures, said and testified at the hearing that he had been weighing Black's coal for two years, and had yet to find him giving full weight; that Black had been charged with giving short weights, but was acquitted of this charge; and that the entire publication when read and construed together says and means, in substance, the foregoing. And defendant pleaded "special justification in truth of the words and publication herein referred to." This plea was amended to add that it was true that Webb had always found Black giving short weights and so testified at the hearing.

The plaintiff filed demurrers to the pleas, all of which were overruled except the demurrer to the second plea, which was sustained.

On the hearing the publication of the foregoing article was proved by Black. On his counsel's asking him what the charges against him in the City Court were, the defendant objected to parol testimony, insisting that the record was the best evidence, which objection was sustained by the court. Counsel for the defendant then stated to the court that he had discovered for the first time two or three days before the trial what this record showed.

Defendant's counsel then produced certified copies of two warrants against Black—one charging him with giving short weights of coal, on the back of which was written "Fined $25.00"; and the second, charging him with failing to deliver weight ticket showing the amount of coal delivered, on the back of which was written "Dismissed." The trial judge held that they were the best evidence and ordered that they be introduced.

Mr. Farrell said: "Do you understand we are putting that in, Your Honor?"

Mr. Lee Douglas: "We are not putting them in."

The Court: "It is well settled in all courts in all jurisdictions where the best evidence is available, it must be introduced. I will hold to that proposition."

They were then introduced and marked filed as Exhibits C and D to Black's testimony, without objection.

The plaintiff thereupon undertook to testify that the certified copies were wrong and were just the opposite of what actually happened at the trial, but, on objection of the defendant, the trial judge ruled that the judgments could not be thus collaterally attacked.

The defendant then moved the court for peremptory instructions in its favor on the ground that the published article was a correct report of a judicial proceeding and therefore privileged, which motion was overruled. But it did not amend its pleas. In

fact it was not necessary to amend its pleading, as it may set up privilege under the general issue. 37 C. J., 58, sec. 421; Cooley v. Galyon, 109 Tenn., 1, 70 S. W., 607, 60 L. R. A., 139, 97 Am. St. Rep., 823; Dunn v. Winters, 2 Humph., 512; Shadden v. McElwee, 86 Tenn., 146, 148, 5 S. W., 602, 6 Am. St. Rep., 821.

The following evidence for the plaintiff was then introduced.

Andrew Tanner, who was Black's attorney at the trial in the City Court, was introduced as a witness by the plaintiff and testified that Black was acquitted of the charge of giving short weight but fined for failure to deliver a weight ticket, and that he so informed the reporters; that Tom Webb did not testify as charged; and that the copies of the warrants introduced (to the effect that he was fined on the charge of short weight and acquitted on the charge of not issuing ticket showing the weight) do not show what actually happened at the trial.

This evidence was admitted for the time being over objection.

Judge Guild Smith, City Judge, testified that the two cases against Black were tried before him and that he dismissed the short weight charge and imposed a fine on the ticket charge, but his dockets were entered as hereinabove shown, from which the clerk made the entry on the warrants. The testimony of this witness was objected to and sustained by the court.

Thereupon the defendant moved the court for peremptory instructions in its favor, which motion was overruled.

Tom Webb testified for the defendant that he had testified in the City Court that he had been weighing Black's coal for two years and had yet to find him giving full weight, and he testified to weights as found on the different inspections according to his books.

George Langham and Jack Ambrose testified to the same effect.

Three witnesses testified in rebuttal, for the plaintiff—one testified that he heard Webb testify as charged; one, that he did not hear him so testify; and the third, that he heard Webb make this statement to reporters after the trial.

Webb testified that his statement about Black's short weights of coal was true. Black had testified that it was untrue.

At the conclusion of all the evidence the defendant again moved the court for peremptory instructions in its favor on the ground that there was no evidence to support a verdict, and moved the court to exclude the testimony attempting to impeach the record of the City Court.

The court withdrew from the jury the question as to whether the published report of the City Court proceedings was privileged stating that the docket and warrants were the best evidence of these proceedings, and that they established the fact that the Banner's report was correct. He did not expressly exclude the testimony of Tanner and Judge Smith, but his action had the effect of excluding it. He

submitted to the jury only one question, whether Tom Webb had testified in the City Court as stated in the article.

The jury found that Tom Webb did not make the statement while testifying before the City Court in the trial in which Black was defendant that he had been weighing Black's coal for two years and had yet to find him giving full weight.

The court then submitted to the jury the question of damages for the publication of the statement alleged to have been made by Webb while testifying in the case. The jury reported, "We find in favor of the defendant." Judgment was entered dismissing the plaintiff's action.

The plaintiff's motion for a new trial was overruled and he has appealed in error to this court and has assigned errors which are, in substance, as follows:

(1) The court erred in taking the case from the jury on the first issue.

(2) There is no evidence to support the verdict.

(3) The court erred in his charge to the jury as to damages.

(4) The court erred in accepting the verdict on damages.

(5) The court erred in overruling the plaintiff's demurrers to the pleas.

1. The article in the Banner, when carefully read, states that Black was acquitted of the charge of giving short weights, but was fined for the lesser charge of failure to deliver a "ticket." But the headline charges him with giving short weights. But his name is not in the headline.

The theory of the plaintiff is that the headline and article should be construed together, and constitute a libel.

The first averment of the plaintiff's declaration is that the part of the article about the court proceeding is a libel.

The Banner's defense is that the article is a report of judicial proceedings and therefore privileged. The Banner ignored the headline in its pleadings, and pleaded that the body of the article was a correct report of the court proceedings.

█ The rule of law is that, where there are judicial proceedings before a properly constituted judicial tribunal exercising its jurisdiction in open court, then the publication without malice of a fair and accurate report of what takes place before that tribunal is privileged. Gatley on Libel and Slander (3 Ed.), 328; Cooley v. Galyon, 109 Tenn., 1, 70 S. W., 607, 60 L. R. A., 139, 97 Am. St. Rep., 823; Newell on Slander and Libel (4 Ed.), 487, sec. 450; 18 Am. & Eng. Ency. of Law (2 Ed.), 1043.

█ "The rule is general that both the headline and the item to which it is attached are to be considered as one document in determining the effect of an article complained of as being defamatory. They are construed together in deciding whether the article is

libelous, to ascertain the character of the libel, and to find against whom the libel is directed. Also, of course, the headline is to be considered in determining the injury occasioned by a libelous article of which it forms a part.'' 40 A. L. R., 583.

■ Headlines are not privileged unless they are a fair index of the matter contained in a truthful report. Lawyer's Cooperative Pub. Co. v. West Pub. Co., 32 App. Div., 585, 590, 52 N. Y. S., 1120; Campbell v. New York Evening Post, 245 N. Y., 320, 157 N. E., 153, 52 A. L. R., 1432, 1437.

''The headline of an article or paragraph, being so conspicuous as to attract the attention of persons who look casually over a paper without carefully reading all its contents, may in itself inflict very serious injury upon a person both because it may be the only part of the article which is read, and because it may cast a graver imputation than all the other words following it. There is no doubt that in publications concerning private persons, as well as in all other publications which are claimed to be libelous, the headlines directing attention to the publication may be considered as a part of it, and may even justify a court or jury in regarding the publication as libelous when the body of the article is not necessarily so.'' McAllister v. Detroit Free Press Co., 15 Am. St. Rep., 347; 40 A. L. R., 583; 59 A. L. R., 1061; Commercial Publishing Co. v. Smith, 6 Cir., 149 F., 704, 706; Fitch v. Daily News Pub. Co., 116 Neb., 474, 217 N. W., 947, 59 A. L. R., 1056; Dupont Engineering Co. v. Nashville Banner Pub. Co., D. C., 13 F. (2d), 186; Dorr v. United States, 195 U. S., 138, 24 S. Ct., 808, 49 L. Ed., 128, 1 Ann. Cas., 697.

■ ''A publication claimed to be defamatory must be read and construed in the sense in which the readers to whom it is addressed would ordinarily understand it. So the whole item, including display lines, should be read and construed together, and its meaning and signification thus determined. When thus read, if its meaning is so unambiguous as to reasonably bear but one interpretation, it is for the judge to say whether that signification is defamatory or not. If, upon the other hand, it is capable of two meanings, one of which would be libelous and actionable and the other not, it is for the jury to say, under all the circumstances surrounding its publication, including extraneous facts admissible in evidence, which of the two meanings would be attributed to it by those to whom it is addressed or by whom it may be read.'' Commercial Publishing Company v. Smith, 6 Cir., 149 F., 704, 706, 707, and cases there cited.

■ In order to be privileged the report must be a fair and accurate account of what took place in court. American Publishing Company v. Gamble, 115 Tenn., 663, 90 S. W., 1005; Bowerman v. Detroit Free Press, 287 Mich., 443, 283 N. W., 642, 120 A. L. R., 1230; Annotations 120 A. L. R., 1236; Gatley on Libel and Slander (3 Ed.), 335; Newell on Slander and Libel (4 Ed.), 47-491, sec. 450; 18 Am. & Eng. Ency. of Law (2 Ed.), 1044.

■ The burden is on the defendant to prove that the publication is a fair and accurate report of proceedings in open court. Gatley on Libel and Slander (3 Ed.), 349; Newell on Slander and Libel (4 Ed.), 755, sec. 687; 18 Am. & Eng. Ency. of Law (2 Ed.), 1031; National Cash Register Co. v. Salling, 9 Cir., 173 F., 22, 26.

■ ■ And such report must be confined to the actual proceedings in court, and must contain no defamatory observations or comments, from any quarter whatever in addition to what forms strictly and properly the legal proceedings. Saunders v. Baxter, 53 Tenn. (6 Heisk.), 369, 383.

A prima facie case was made out by the plaintiff's showing that this libelous per se article was published, as the burden is not on the plaintiff to prove the falsity of the publication. 36 C. J., 1214, sec. 161; 37 C. J., 85, sec. 501; Gatley on Libel and Slander (3 Ed.), 595.

But the plaintiff introduced certified copies of the judgments which showed that he was convicted in the City Court of giving short weights.

■ The burden was on the Banner to prove that the article and headline together constituted an accurate report of the court proceedings in order to rebut the prima facie case. But when the judgments were introduced by the plaintiff, he was bound by them, and it was not necessary for the defendant to prove them.

The plaintiff introduced witnesses, Tanner and Judge Smith, who testified that the judgments did not show what actually happened at the trial, but this evidence was afterwards excluded on the ground that the judgments were the best evidence.

■ The certified copies of the judgments being the best evidence of them, the testimony of the witnesses cannot be considered, as parol evidence is not admissible to contradict or vary them. Deaver v. J. C. Mahan Motor Co., 163 Tenn., 429, 43 S. W. (2d), 199; Watkins Salt Co. v. Mulkey, 2 Cir., 225 F., 739; 23 C. J., 40, sec. 1783.

■ Records of justices of the peace and inferior magistrates are the best evidence of their official action. 10 Ency. Evid., 827; Jones v. Walker, 13 Tenn. (5 Yerg.), 427.

Evidence cannot be introduced to contradict the record judgment. 7 Ency. Evid., 854, Note 95; Rubel v. Title Guarantee '& Trust Co., 199 Ill., 110, 64 N. E., 1033; Embden v. Lisherness, 89 Me., 578, 36 A., 1101, 56 Am. St. Rep., 442; Walker v. Chase, 53 Me., 258.

■ Judgments in criminal, like those in civil, cases are always competent evidence of their own rendition and to establish a conviction or an acquittal where this is a relevant and material fact. 2 Freeman on Judgments (5 Ed.), 1382, sec. 655; Stephens v. Jack, 11 Tenn. (3 Yerg.), 403, 24 Am. Dec., 583.

■ Neither can the force of a judgment as res adjudicata be destroyed or impaired by showing that it was clearly erroneous and

ought not to have been rendered, or that the clerk had made a mistake in entering the judgment, if the court had jurisdiction. 2 Freeman on Judgments (5 Ed.), 1538, sec. 727; Chesapeake & O. Ry. Company v. McCabe, 213 U. S., 207, 29 S. Ct., 430, 53 L. Ed., 765; State v. Disney, 37 Tenn. (5 Sneed), 598; Pettit v. Cooper, 77 Tenn. (9 Lea), 21, 24.

It follows that we hold that the court was correct in taking this issue from the jury.

There is some contention that the defendant is bound by its special pleas in which it stated that the plaintiff was convicted of not giving a certificate of weights and acquitted of the short weight charge. This contention would be sound had not the defendant filed a plea of general denial. The defendant is permitted to rely upon the defense of privilege under the general issue, as hereinabove stated. Cooley v. Galyon, 109 Tenn., 1, 70 S. W., 607, 60 L. R. A., 139, 97 Am. St. Rep., 823.

And the fact that it filed special pleas of privilege as to the charge of failing to give certificate of weights does not preclude it from relying on the defense of privilege under the general issue, as under the Tennessee practice the defndant has a right to plead any number of pleas, even inconsistent pleas. Shelby County v. Bickford, 102 Tenn., 395, 52 S. W., 772; Aetna Life Ins. Co. v. Bellos, 158 Tenn., 554, 13 S. W. (2d), 795, 14 S. W. (2d), 961; Langford v. Frey, 27 Tenn. (8 Humph.), 443, 444.

It is insisted that this holding will work a great injustice to the plaintiff. In reply we say that we are bound by the legal principles that have been observed from time immemorial.

"It may be that this will is in conflict with public sentiment, and against our ideas of equality and justice among his children, or that it was made under a state of feelings towards them, which was afterwards changed; but still the case must be governed by general rules in its investigation and determination. The danger is, that a wrong principle established to accomplish what seems to be right in one case, may defeat right and justice in many others. All cases, therefore, must be governed by the same general rules and principles." Marr v. Marr, 39 Tenn. (2 Head), 303, 312.

2. The court submitted to the jury the question whether Tom Webb testified in the case as charged. The jury found that he did not testify before the court as charged. This was a finding that the publication by the Banner, that he said that he had been weighing Black's coal for two years and had yet to find him giving full weight, was not privileged.

The court did not submit to the jury the questions whether Webb made this statement out of court and whether it was true. The evidence is conflicting on both questions.

As the court failed to submit to the jury the issue whether Webb made the said statement out of court and whether it was true, the judgment must be reversed and the cause remanded that these issues may go to the jury.

3. The plaintiff complains of the judge's charge on the measure of damages. He filed no special requests to charge, so he cannot now assign error. Hamilton v. Carter, 14 Tenn. App., 340; Tenn. Procedure by Higgins and Crownover, sec. 1457.

4. There is nothing in the plaintiff's contention that the verdict is invalid. The jury expressed the verdict badly, but it was intelligible, therefore its form cannot be objected to. Tenn. Procedure by Higgins & Crownover, sec. 1505. And the plaintiff did not except to the verdict when it was reported by the jury, therefore this question cannot be raised in this court. Tenn. Procedure by Higgins & Crownover, secs. 1505 and 1508.

5. The defendant's pleas were well made, and the court did not err in overruling the plaintiff's demurrers. The defendant has a right to plead as many different pleas to the declaration as it may desire.

The plaintiff insists that the defendant did not plead justification. The seventh plea contains such plea as to the failure to deliver a certificate; but this is immaterial in view of the defense of privilege.

The plea of justification was well pleaded as to the matters therein relied upon; but it was not necessary for the defendant to plead justification where it relied on privileged communication in the publication of a judicial proceeding and all matters pertinent to and responsive to the investigation before the court. No action can be based thereon. Cooley v. Galyon, 109 Tenn., 1, 70 S. W., 607, 60 L. R. A., 139, 97 Am. St. Rep., 823.

The pleas of privilege and justification are separate and distinct defenses (37 C. J., 40), and one may be relied on as a defense without the other.

One assignment of error having been sustained, it results that the judgment of the lower court is reversed and the cause is remanded for a new trial in accordance with this opinion. The costs of the appeal are adjudged against the Nashville Banner Publishing Company, but the costs that accrued in the lower court will await the final determination of the case.

Faw, P. J., and Felts, J., concur.

On Petitions for Rehearing.

CROWNOVER, J. This cause is before us on petitions for a rehearing filed by both parties.

1. The petition of the defendant in error Nashville Banner Publishing Company asks for a reconsideration of this court's holding

that the trial court erred in failing to submit to the jury the issues whether Webb made the statement out of court that he "had been weighing Black's coal for two years and had yet to find him giving full weight," and whether the statement was true. The Banner insists that the plaintiff Black did not assign as error the court's failure to submit these questions to the jury.

In so holding in our original opinion, we were of the opinion that these questions were raised by the plaintiff's assignment of error B6, which was as follows: "The Court erred in taking from the jury the main issue of whether the defendant falsely reported that the plaintiff had been convicted in the City Court of selling coal by short weight, and in confining the jury to the single subordinate issue of whether Webb did or did not make the statement attributed to him in the course of said judicial hearing."

However, on the filing of the Banner's petition for a rehearing on the above ground, the plaintiff Black filed his petition for a rehearing on other grounds, and stated in his petition that the assignment of error, above set out, was not intended to raise this question.

In view of this statement, we think Black abandoned the assignment of error on this issue. Where an assignment is not insisted upon, it is deemed to have been abandoned. McDonnell v. Amo, 162 Tenn., 36, 41, 34 S. W. (2d), 212; State ex rel. v. Retail Credit Men's Ass'n, 163 Tenn., 450, 470, 43 S. W. (2d), 918.

It results that the Banner's petition for a rehearing is granted, and our former opinion is modified to hold that the judgment of the lower court must be affirmed.

2. The plaintiff Black asks the court to reconsider its holding on the following errors assigned by him:

(a) The court erred in his charge to the jury as to the measure of damages.

(b) The court erred in accepting the jury's verdict as to damages.

We have again considered the questions raised and are constrained to deny the petition for the following reasons:

(a) The plaintiff fails to state wherein the court erred in his charge (Powers v. McKenzie, 90 Tenn., 167, 16 S. W., 559). This is conclusive of this question.

(b) On the second error the plaintiff contends that as the court instructed the jury "to determine the amount of damages to be awarded to the plaintiff," a verdict allowing no damages was void.

The jury evidently decided that as the Sealer of Weights and Measures and his assistants testified that they had examined Black's trucks and had found him short in every instance, he was not entitled to any damages. The trial judge agreed with the jury, and we agree with the trial judge.

Where the court charges the jury to award the plaintiff such damages as he is entitled to, the jury may give him nothing if they decide he is entitled to nothing. If he was guilty of giving short weights, he is not entitled to any damages for injury to his reputation, business or occupation, or for mental suffering or illness.

It results that the Banner's petition is granted and that Black's petition is denied, and our former judgment is reversed. A judgment will be entered in this court affirming the judgment of the lower court. The costs of the cause including the costs of the appeal are adjudged against Black and the sureties on his prosecution and appeal bonds.

Faw, P. J., and Felts, J., concur.